Mr. Cheney, how do you pronounce your client's name? Gladys Teye.  Yes, ma'am. It was the trisha that threw me. All right, we'll call the case of Gladys Teye v. U.S. Attorney General. Gladys Teye v. U.S. Attorney General Good morning. May it please the Court, this is a case about Mrs. Teye, who had a pending application for lawful permanent resident status pending before the Atlanta Immigration Court. At the time that she was having her hearing on that application, DHS filed a motion to pretermit the application based on a false claim to citizenship that she had made on an application for a driver's license at the Georgia Department of Driver Services. Now, it has been our position throughout these proceedings that the rules and regulations that the state of Georgia promulgated in relation to the Federal Real ID Act that required certain evidentiary requirements for identity and lawful status were actually not in effect at the time that she made the false claim to citizenship. And unfortunately, I have to admit to the Court today that that is actually absolutely wrong. When I had received the motion to pretermit from the Department of Homeland Security in this case, I didn't have a lot of confidence in DHS's position because they were claiming that all non-citizens were actually not eligible for a driver's license but for those who were lawful permanent residents. And part of their motion was is that non-citizens, they cited to Georgia Rule 375-3-2-.01 that says that all non-citizens who aren't able to provide documentation of when their actual lawful status is to expire are limited to a driver's license for one year. And she didn't have any type of documentation to provide that. She just had a pending application for lawful permanent resident status, which did allow her to apply for a license under 40-5-21. You've got limited time. What are you saying is the basis? What is your argument as to why, when she applied for a driver's license and lied, said she was a citizen, she wasn't? What is your argument why that was not a lie that had consequences, that it caused her to get something she wouldn't have had otherwise, which is at least, if not a license initially, a longer license than she would have had otherwise? Correct. Judge Karnes, what we were saying is that under 40-5-21.1A6, that a person who's able to provide evidence under federal law that they have lawful status or presence as the lawful presence as the state defines it, that they are actually entitled to a driver's license. All right. So what was her lawful? What did she have to suggest she had lawful status? A pending application for lawful permanent resident status. That was the basis for her to get her driver's license. And they argue, I think, that Georgia wasn't following the REAL ID law, so whether they should or shouldn't have, if she had told the truth and said, all I have is this application to adjust my status, she wouldn't have gotten it. And as I understand their second argument, though, is even if that counted, even if Georgia followed the REAL ID Act, the longest period of a license she would have gotten would have been one year or when the status was decided. And under either of those, she would have, that would have ended up by 1-12-2009, she's denied, or by 1-26-2009, her year's gone. So she would have had a relatively short license, not the five-year license that she got. So tell me why her lie did not give her a license that was four years longer than it should have been. Your Honor, what I was trying to explain earlier is that I was under the impression that the regulation that limited her license to one year was actually not into effect. And I actually, part of the appendix at 234, I relied on, when I got the motion, I relied, I went to Westlaw and looked up the regulation. The language of the regulation wasn't available, but it said it wasn't effective until 2012. And the short story is I made a grave error and a grave mistake. You know what, we all make mistakes. You know, I appreciate you letting us know about it. And really what we need to, you know, pick up and go from here is to figure out how to decide this case. And I think Judge Karn's questions are to that end. Well, what happened, how I became aware of this is when I went to the Secretary of State to actually get the rule that wasn't available publicly. I just got it on Friday, a certified copy, and to be honest, I don't think she was, I mean, I think the bar is applicable. I mean, I hate to say that, but I can't get around the fact that she couldn't get a license for the five-year period. So she received a benefit by checking the I am a citizen box that she would not have received if she hadn't checked that. She received a benefit longer than she would have. That is, and, you know, this regulation, for some reason the Secretary of State does not publish these regulations that have been repealed or amended. And so it wasn't immediately available. And then Westlaw, when I went to the site, they don't publish it prior to 2012. And so, since I didn't have a lot of confidence in DHS's position when opposing counsel provided a site to the same citation, I got a little concerned about it, to be honest, and I went back to contact the Secretary of State. And when I was going through the correspondence of, hey, your amendment dates aren't matching up to what you're providing and when it's effective, I got real concerned. And then Friday I was able to confirm that that's actually not the case. And I apologize for wasting the Court's time on that. I didn't, I just, it was our position this whole time that she was, in fact, that that regulation just wasn't in effect because the state of Georgia, as long as all the other states, had a real hard time implementing the Real ID Act. And so it was my understanding that DHS didn't even, like, certify that they were implementing the regulations and the Act in conformance until 2012. Counsel, if I understand what you're telling us, you seem to be saying that we should go ahead and deny the PFR under the circumstances. With apologies. That is in humility. Okay. So, thank you. Thank you. Thank you. May it please the Court, Jeffrey Leist appearing on behalf of the Attorney General. If you have any questions, I would gladly answer them, but it seems that it's kind of gone away. Did you fly down from Washington? I did, yes. It was a quick trip, I guess. I came down yesterday morning, and I'm flying out tonight, so it's a solid two days. Thank you for coming. And we appreciate opposing counsel's concession. I mean, we very much appreciate your contrition and your concession. Thank you. Thank you. Thank you. That concludes the cases we have set for today, and court will be in recess until 9 o'clock tomorrow morning. All rise. Thank you. Thank you. All right, Tonya. That was good. You've got to call the bell during recess. Call this bell during recess. Okay. All right. Thank you. Mrs. Martin! That was good. That was good then that's all. What? That was good, that last one. Yeah.